UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DEBRA CONSTANTINO,

              Plaintiff,

  - against -

P.O. MICHAEL O'DONNELL, Shield No. 9368,
P.O. ZEILABADIN TRUONG, Shield No. 20194,
P.O. ANDREW USPENSKY, Shield No. 17036,
P.O. MICHAEL PODBAR, Shield No. 5107
SERGEANT MICHAEL REINECKE, Shield No. 4255,
LIEUTENANT "RICHARD ROE" and
THE CITY OF NEW YORK,

              Defendants.
-------------------------------------------------------------------------X

13 CV 4175 (PKC) (LB)

SECOND AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

      Plaintiff, DEBRA CONSTANTINO, by her attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery, false arrest and trespass.

## VENUE

    5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, DEBRA CONSTANTINO, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. MICHAEL O'DONNELL, Shield No. 9368 (hereinafter "O'DONNELL") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. ZEILABADIN TRUONG, Shield No. 20194 (hereinafter "TRUONG") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. ANDREW USPENSKY, Shield No. 17036 (hereinafter "USPENSKY") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant P.O. MICHAEL PODBAR, Shield No. 5107 (hereinafter "PODBAR") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant SERGEANT MICHAEL REINECKE, Shield No. 4255 (hereinafter "REINECKE") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK

13. At all times relevant hereto, defendant LIEUTENANT "RICHARD ROE" was and is a natural person, employed as a lieutenant by the Police Department of defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

15. On or about June 5, 2012, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

16. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claims.

17. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

18. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION<br>AGAINST THE INDIVIDUAL DEFENDANTS<br>(42 U.S.C. §1983)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20. Plaintiff is the superintendent of the multiple dwelling in which she resides, which is located at 3005 Avenue M, County of Kings, City and State of New York (hereinafter "subject premises").

21. On or about May 2, 2012, in the course of a dispute with a tenant of the building over, *inter alia*, rent arrears, the aforementioned tenant menaced plaintiff with a knife.

22. Plaintiff had the aforementioned tenant arrested.

23. Subsequent to the aforementioned tenant's arrest, he and his family vacated the subject premises.

24. In moving his and his family's belongings out of their apartment, the aforementioned tenant had the assistance of four males.

25. On or about May 13, 2012, between 10:30 and 11:00 A.M., while she was outside walking her dogs, plaintiff observed two of the aforementioned four males following her.

26. Plaintiff also observed that, while in the course of following her, the aforementioned two males were talking on walkie talkies.

27. Once plaintiff had finished walking her dogs, she returned to the subject premises and went into her apartment.

28. While in her apartment, plaintiff changed some of her clothing so that she was now wearing only a pair of underpants and a loose, low-cut top that she customarily uses as a pajama top.

29. Plaintiff was in her apartment with her husband and a friend of theirs who was staying with them when she heard a banging on the door.

30. Plaintiff opened the door of the apartment and found herself face to face with defendant O'DONNELL.

31. Defendant O'DONNELL asked plaintiff to step outside.

32. When plaintiff declined to step outside, pointing out that she was not dressed, defendant O'DONNELL forcefully grabbed her left breast and pulled her out of her apartment.

33. Defendant O'DONNELL threw plaintiff against a wall in the hallway and rear handcuffed her.

34. Defendant O'DONNELL proceeded to take plaintiff down the stairs to the ground floor of the building.

35. Defendant O'DONNELL then pushed plaintiff out into the street in her above-described state of undress, where she was kept standing in full view of neighbors and passersby for approximately ten minutes.

36. After approximately ten minutes had passed, defendant O'DONNELL placed plaintiff inside a New York City Police Department motor vehicle.

37. While plaintiff was being held in the street outside her building, defendants TRUONG, USPENSKY, PODBAR and REINECKE entered her aforementioned apartment.

38. One of the individual defendants named in paragraph "37" hereinabove informed plaintiff's husband, who was still present in the apartment, that plaintiff had been accused, evidently by one of the two men holding walkie talkies who had followed her, or by confederates of theirs, of smashing the window of a motor vehicle with a baseball bat and removing a GPS device therefrom.

39. One of the individual defendants named in paragraph "37" hereinabove told plaintiff's husband that they would "go easy" on plaintiff if she or her husband returned the GPS device that she had allegedly stolen.

40. One of the individual defendants named in paragraph "37" hereinabove now asked plaintiff's husband if he and the other individual defendants could "look around" the apartment.

41. Plaintiff's husband, mistakenly believing that he was being asked to consent to a visual search, assented to the request.

42. However, defendants TRUONG, USPENSKY, PODBAR and REINECKE went into plaintiff's and her husband's bedroom and other rooms in the apartment, where they pulled drawers out and went through the items of clothing therein.

43. One of the individual defendants named in paragraph "37" hereinabove asked plaintiff's husband to leave the aforementioned bedroom.

44. Plaintiff's husband refused and asked if any of the individual defendants named in paragraph "37" hereinabove had a search warrant.

45. Upon plaintiff's husband asking the question regarding the existence of a search warrant, defendants TRUONG, USPENSKY, PODBAR and REINECKE immediately stopped their search and vacated the apartment.

46. One of the individual defendants named in paragraph "37" hereinabove gave plaintiff's husband permission to bring clothes downstairs for plaintiff to put on over her aforementioned skimpy top and underpants.

47. Defendant O'DONNELL, together with one of the individual defendants named in paragraph "37" hereinabove, transported plaintiff to the stationhouse of the 63rd Precinct.

48. At the stationhouse of the 63rd Precinct, defendant USPENSKY was assigned the arrest and falsely and maliciously prepared criminal charges against plaintiff.

49. Plaintiff's husband followed the vehicle in which plaintiff was transported to the stationhouse.

50. When plaintiff's husband arrived at the stationhouse, he attempted to give plaintiff her clothing and her prescription medication.

51. Plaintiff's husband was not permitted to provide plaintiff with her prescription medication.

52. However, a police officer took the clothing that plaintiff's husband had brought and had it provided to plaintiff so that she could get dressed.

53. Defendant ROE, who, upon information and belief is a lieutenant, directed plaintiff to write a statement.

54. Plaintiff did so and, after approximately two to two and one-half hours in custody, was released without any charges being brought against her.

55. The individual defendants hereto violated plaintiff's rights, guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force, to be arrested only with probable cause and to be secure in her house and personal effects against unreasonable searches in that, acting under color of state law, they, without any cause or provocation, physically assaulted her, falsely placed her under arrest, falsely imprisoned her, improperly denied her medicine that had been prescribed for her, searched her dwelling without a warrant and publicly embarrassed and humiliated her.

56. Because of the aforementioned acts committed by the individual defendants hereto, plaintiff suffered a deprivation of the rights to liberty and due process of law guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered and continues to suffer serious and permanent physical and psychological injuries.

57. By reason of the unconstitutional and illegal actions taken against her by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS O'DONNELL
### and THE CITY OF NEW YORK
### (Battery)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" hereinabove as if more fully set forth at length herein.

59. On or about May 13, 2012, at approximately 11:00 A.M., in the premises located at 3005 Avenue M, County of Kings, City and State of New York, defendant O'DONNELL, without probable cause, offensively touched plaintiff by forcibly grabbing and manhandling one of her breasts, pulling her out of her apartment, pushing her against a wall, rear handcuffing her and pushing her down the stairs and into the street.

60. The aforementioned force used by defendant O'DONNELL was not reasonable under the circumstances.

61. At the aforementioned time and place, defendant O'DONNELL was acting within the scope of his employment by defendant CITY OF NEW YORK.

62. By reason of the aforementioned battery committed against her by defendant O'DONNELL, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious and permanent physical and emotional injuries, all of which required medical treatment.

63. As a result of the battery committed against her by defendant O'DONNELL, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant O'DONNELL.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANTS O'DONNELL,
USPENSKY, REINECKE
and THE CITY OF NEW YORK
(False Arrest and False Imprisonment)**

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" hereinabove as if more fully set forth at length herein.

65. On or about May 13, 2012, at approximately 11:00 A.M., at the premises 3005 Avenue M, County of Kings, City and State of New York, defendant O'DONNELL, without probable cause therefor, forcibly, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused her to be transported to the stationhouse of the 63rd Precinct where she was held for approximately two hours.

66. Defendant O'DONNELL, upon information and belief acting pursuant to the orders of defendant REINECKE, falsely, maliciously, wrongfully, unlawfully and illegally caused plaintiff to be held at the aforementioned precinct.

67. While plaintiff was being held at the aforementioned precinct, defendant USPENSKY was assigned plaintiff's arrest, upon information and belief by defendant REINECKE, and prepared false charges against her.

68. At the time they committed the aforementioned acts of false arrest and false imprisonment, defendants O'DONNELL, USPENSKY and REINECKE were acting within the scope of their employment by defendant CITY OF NEW YORK.

69. By reason of the false arrest and false imprisonment committed against plaintiff by defendants O'DONNELL, USPENSKY and REINKECKE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered serious psychological injury for which she has, and continues, to obtain treatment.

70. As a result of the aforesaid acts of false arrest and false imprisonment, committed against plaintiff by defendants O'DONNELL, USPENSKY and REINECKE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants O'DONNELL, USPENSKY and REINECKE.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS TRUONG, USPENSKY, PODBAR, REINECKE and THE CITY OF NEW YORK
(Trespass)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" hereinabove as if more fully set forth at length herein.

72. At all times relevant hereto, plaintiff was the lessee of apartment 2F at the premises 3005 Avenue M, County of Kings, City and State of New York.

73. On or about May 13, 2012, at approximately 11:00 A.M., defendants TRUONG, USPENSKY, PODBAR and REINECKE entered into the aforementioned

premises without having permission or a warrant authorizing them to do so and improperly conducted a search of the rooms therein and their contents.

74. At the time that these individual defendants committed the aforementioned trespass, they were acting within the scope of their employment by defendant CITY OF NEW YORK.

75. By reason of the aforementioned trespass committed against her and her dwelling and property by defendants TRUONG, USPENSKY, PODBAR and REINECKE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of the enjoyment of her dwelling and the security therein that she was and is entitled to.

76. As a result of the trespass committed against her, her dwelling and her personal property by defendants TRUONG, USPENSKY, PODBAR and REINECKE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants TRUONG, USPENSKY, PODBAR and REINECKE.

WHEREFORE, plaintiff, DEBRA CONSTANTINO, demands judgment against defendants P.O. MICHAEL O'DONNELL, Shield No. 9368, P.O. ZEILABADIN TRUONG, Shield No.20194, P.O. ANDREW USPENSKY, Shield No. 17036, P.O. MICHAEL PODBAR, Shield No. 5107, SERGEANT MICHAEL REINECKE, Shield No. 4255, LIEUTENANT "RICHARD ROE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant O'DONNELL;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants O'DONNELL, USPENSKY and REINECKE; and

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants TRUONG, USPENSKY, PODBAR and REINECKE.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       September 15, 2014

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2249